IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAIGE BURE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Jury Trial Demanded |
| | ) | |
| VILLAGE OF ROUND LAKE BEACH POLICE DEPARTMENT and VILLAGE OF ROUND LAKE BEACH, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

Now comes the Plaintiff PAIGE BURE, by and through her attorneys, THE LAW OFFICE OF JEFFREY FRIEDMAN, P.C., and complains of the Defendants VILLAGE OF ROUND LAKE BEACH POLICE DEPARTMENT and VILLAGE OF ROUND LAKE BEACH, and seeks redress for the sexual harassment Plaintiff suffered in violation of the laws of the United States and in support thereof alleges on information and belief as follows:

1. Jurisdiction of this court is invoked and authorized pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.*, as amended in the Civil Rights Act of 1991, (referred to herein as "Title VII"), and pursuant to the principles and pendent jurisdiction.

2. Venue is proper in the Northern District of Illinois because the parties reside or are otherwise headquartered in this District and the actions complained of generally occurred within this District.

3.  Plaintiff PAIGE BURE ("BURE") has filed a timely "Charge of Sexual Harassment" with the Equal Employment Opportunity Commission, and on December 16, 2019, the EEOC indicated that BURE'S Notice of Right to Sue was issued, and her charge was closed.

4.  Plaintiff BURE is a 36-year old female residing in Grayslake, Illinois, within this District.

5.  BURE is a protected person under Title VII and the Illinois Human Rights Act (IHRA), 775 ILCS 5/2-101(A).

6.  BURE is an experienced police officer who worked as a police officer in Florida for ten years prior to relocating to Illinois in 2017, and joining the Round Lake Beach Police Department (the "DEPARTMENT").

7.  The DEPARTMENT is located and headquartered at 1947 Municipal Way, Round Lake Beach, Illinois.

8.  The VILLAGE OF ROUND LAKE BEACH (the "VILLAGE") is located and headquartered at 1937 Municipal Way, Round Lake Beach, Illinois.

9.  The VILLAGE serves the people and community of Round Lake Beach, Illinois through multiple departments, including the DEPARTMENT.

10.  The DEPARTMENT is operated by and under the control and legal authority of the VILLAGE, by and through its board members.

11.  The DEPARTMENT derives its funding from the general budget of the VILLAGE and from special revenues such as grants and seizures.

12.  The VILLAGE, by and through its board members, appoints the DEPARTMENT'S Chief of Police, Deputy Chiefs and Commanders.

13. The DEPARTMENT is an "employer" in the State of Illinois, within the meaning of Title VII and the IHRA, 775 ILCS 5/2-101(B).

14. The VILLAGE is an "employer" in the State of Illinois, within the meaning of Title VII and the IHRA, 775 ILCS 5/2-101(B).

15. Shortly after moving to Illinois, BURE began her employment with the DEPARTMENT in or about November 2017 as a police officer.

16. In accordance with the DEPARTMENT'S "new officer policy," BURE was placed routine on probation for 18 months.

17. During this probationary period, BURE had an exemplary work record and received multiple compliments and commendations from civilians and coworkers.

18. In or about May 2018, the DEPARMENT'S Commander Paul Grace ("GRACE") was assigned to be BURE's supervisor.

19. GRACE was appointed to the position of Commander by the VILLAGE Board and the DEPARTMENT.

20. At all times relevant thereto, GRACE was a member of the management team of the DEPARTMENT.

21. At all relevant times hereto, GRACE was responsible for and had the authority to oversee and manage BURE'S daily tasks and duties, and otherwise affect BURE'S terms and conditions of employment with the DEPARTMENT.

22. Commencing in or about December 2018, BURE began to experience numerous acts of sexual harassment by DEFENDANTS, by and through the conduct of GRACE. These acts of sexual harassment were indicia of the persistent pattern of sexual harassment that BURE was subjected to at the DEPARTMENT.

23. Commencing on or about December 2018, BURE regularly experienced sexual harassment by being subjected to the following unwelcome and inappropriate actions, among others:

   a. Grace inappropriately touched her inner thigh area and otherwise improperly touched and groped her during a work outing;

   b. Grace, and another male member of the Respondent's command staff, required that she remove her uniform in the female locker room while Grace and the other male member of the Respondent's command staff were present in the female locker room and watched her do so.

   c. Grace inappropriately flirted and made suggestive comments and actions toward her;

   d. Grace asked her if she wanted to be his "side piece;"

   e. Grace made crude and sexual comments about her appearance to her coworkers, including commenting on her appearance after seeing her in yoga pants at a barbeque;

   f. Grace often talked to her about his sex life with his wife and how he was not satisfied with his sex life;

   g. Grace asked her out for a date on her birthday;

   h. Grace often stared and leered at her, particularly in the direction of her breasts and genital area; and

   i. Grace insisted on being the one to perform her performance reviews (as opposed to the Officer in Charge, as is customary) and insisted that he be alone with her during these reviews.

24. The extremely offensive sexual and vulgar conduct and harassment directed toward BURE by DEFENDANTS, by and through GRACE, had the purpose of, and actually did cause, severe emotional distress to BURE, such that she complained to her coworkers and to an Officer in Charge from a different shift.

25. BURE complained to coworkers about GRACE'S conduct, and such conduct was widely known throughout the DEPARTMENT, including by those in management and leadership positions within the DEPARTMENT.

26. BURE was intimidated and in fear of retribution and retaliation of complaining directly to the Chief or other superiors, during the time she was a probationary officer.

27. DEFENDANTS had direct and indirect knowledge of the sexually harassing conduct affecting BURE described herein, as GRACE'S sexually harassing behavior was witnessed and known through the DEPARTMENT.

28. DEFENDANTS were aware that former and current employees witnessed and were aware of the sexual harassment affecting BURE.

29. DEFENDANTS knew that the incidents of sexually harassing conduct were unwelcome to BURE.

30. DEFENDANTS knew or should have known that these incidents were so pervasive and extreme that they affected and altered BURE'S conditions of employment and created an offensive, intimidating, hostile and abusive work environment.

31. BURE consistently rejected all of GRACE'S sexual advances.

32. On or about May 9, 2019, BURE was advised by the DEPARTMENT'S Police Chief that she performed exceptionally well during her probation and that she would be kept on as a police officer upon completing her probation.

33. On May 13, 2019, DEFENDANTS retaliated against BURE by terminating her on the last day of her 18-month probation.

34. BURE'S termination was based on DEFENDANTS' wrongful conduct as described herein, and was a willful and intentional attempt to conceal and cover up such conduct.

5

35. Notwithstanding direct and indirect knowledge of the fact that BURE was the victim of sexual harassment at the DEPARTMENT, DEFENDANTS failed to address, remedy, and/or prevent the sexual harassment that BURE had experienced.

### COUNT I
*Violation of Title VII of the Civil Rights Act of 1964, as amended – Sexual Harassment*

36. BURE repeats and realleges paragraphs 1-35 as if fully stated herein.

37. On numerous occasions, BURE experienced a hostile working environment and unwelcome or unwanted sexual advances, including but not limited to lewd and offensive sexually vulgar comments, being asked out, touched and groped, and being watched as she undressed out of her uniform, as alleged herein.

38. The extremely offensive sexual conduct and harassment directed toward BURE was unwelcome, and had the purpose of, and actually did cause, severe emotional distress to BURE, such that she complained to coworkers and an Officer in Charge.

39. The extremely offensive unwelcome sexual harassment and abusive environment by GRACE was sufficiently severe and pervasive such that it created intolerable working conditions for BURE.

40. As a direct result of DEFENDANTS' conduct, BURE suffered damages, including but not limited to severe emotional distress, pain, suffering, humiliation, both past and continuing, and lost wages and economic opportunities.

### COUNT II
*Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2003e-3, and Section 6-101(A) of the Illinois Human Rights Act*

41. BURE repeats and realleges paragraphs 1-35 as if fully stated herein.

42. At all times relevant hereto, BURE engaged in a protected activity under Title VII and under the Illinois Human Rights Act, when she rejected and complained about the sexual harassment she was experiencing at the DEPARTMENT.

43. In retaliation for BURE'S complaints and rejection of sexual harassment, DEFENDANTS, by and through its management (including GRACE) retaliated against BURE by terminating her.

44. As a direct result of DEFENDANTS' conduct, BURE suffered damages, including but not limited to severe emotional distress, pain, suffering, humiliation, both past and continuing, and lost wages and economic opportunities.

## COUNT III
*Retaliatory discharge*

45. BURE repeats and realleges paragraphs 1-35 as if fully stated herein.

46. DEFENDANTS subjected BURE to sexual harassment and retaliation as set forth in paragraphs 1 through 40 herein.

47. BURE engaged in a protected activity when she refused GRACE'S sexual advances and complained about the sexual harassment to individuals within the DEPARTMENT.

48. As a proximate result of her rejection of GRACE'S sexual advances and complaints about the same, BURE was retaliated against.

49. As a proximate result of being retaliated against, BURE was wrongfully terminated, and additionally suffered economic and non-economic losses.

WHEREFORE the Plaintiff PAIGE BURE respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants VILLAGE OF ROUND LAKE BEACH POLICE DEPARTMENT and VILLAGE OF ROUND LAKE BEACH on all Counts and:

     a.     Award BURE actual economic damages suffered, including lost wages, back pay, lost benefits, front pay, and other economic damages according to proof;

     b.     Award BURE compensatory emotional damages for the distress, pain and anguish she has suffered and is expected to suffer in the future;

     c.     Award BURE punitive damages;

     d.     Award BURE reasonable attorneys' fees and costs;

     e.     Award BURE prejudgment interest;

     f.     Reinstate BURE to her position as police officer, with appropriate compensation and benefits.

     g.     Order such other injunctive relief to insure that such conduct does not occur in the future;

     h.     Award BURE such other and further relief, as this Court deems equitable and just.

Plaintiff requests a trial by jury on all Counts.

Respectfully submitted,

s/ Arijana Keserovic
One of Plaintiff's attorneys

Jeffrey Friedman
Arijana Keserovic
LAW OFFICE OF JEFFREY FRIEDMAN, P.C.
Attorneys for Plaintiff
225 W. Washington Street, Suite 2200
Chicago, Illinois 60606
(312) 357-1431